**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **In re:** | |
| **BAYOU STEEL BD HOLDINGS, L.L.C.**, *et al.*, | **Chapter 11 Bankruptcy Case No. 19-12153-KBO (Jointly Administered)** |
| **Debtors.** | |
| **TROY FLEMING, JARROD NABOR, DAVARIAN URSIN, RONNIE MILLET, and CHARLES ZIEGELER, on behalf of themselves and all others similarly situated,** | |
| **Plaintiffs,** | **Adv. Pro. No. 19-50392-KBO c/w Adv. Pro. No. 19-50748-KBO** |
| **v.** | |
| **BAYOU STEEL BD HOLDINGS, L.L.C.** *dba* **BAYOU STEEL GROUP, BD BAYOU STEEL INVESTMENT, LLC, BD LAPLACE, LLC, BAYOU STEEL BD HOLDINGS II, L.L.C., and BLACK DIAMOND CAPITAL MANAGEMENT, LLC,** | |
| **Defendants.** | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO TRANSFER VENUE OF ADVERSARY PROCEEDING TO THE UNITED
STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF LOUISIANA**

Kevin J. Mangan (DE Bar No. 3810)
Nicholas T. Verna (DE Bar No. 6082)
S. Alexander Faris (DE Bar No. 6278)
WOMBLE BOND DICKINSON (US) LLP
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (312) 252-4320
Facsimile: (312) 252-4330
kevin.mangan@wbd-us.com
nick.verna@wbd-us.com
alexander.faris@wbd-us.com

Brent B. Barriere (La. Bar. No. 2848)
Jason W. Burge (La. Bar No. 30420)
Kathryn J. Johnson (La. Bar No. 36513)
FISHMAN HAYGOOD, L.L.P.
201 St. Charles Avenue, Suite 4600
New Orleans, Louisiana 70170
Telephone: (504) 586-5252
Facsimile: (504) 586-2520
bbarriere@fishmanhaygood.com
jburge@fishmanhaygood.com
kjohnson@fishmanhaygood.com

1

Joseph C. Peiffer (La. Bar No. 26459)
Brandon M. Wise (Mo. Bar No. 67242)
PEIFFER WOLF CARR & KANE, APLC
818 Lafayette Ave., Floor 2
St. Louis, Missouri 63104
Telephone: (314) 833-4825
Facsimile: (314) 833-4826
jpeiffer@pwcklegal.com
bwise@pwcklegal.com

Eric J. O'Bell (La. Bar No. 26693)
Bradley T. Oster (La. Bar No. 35540)
O'BELL LAW FIRM, LLC
3500 North Hullen Street
Metairie, Louisiana 70002
Telephone: (504) 456-8677
Facsimile: (504) 456-8653
ejo@obelllawfirm.com
brad@obelllawfirm.com

Hugh P. Lambert, T.A. (La. Bar No. 7933)
Cayce C. Peterson, Esq. (La. Bar No. 32217)
THE LAMBERT FIRM, PLC
701 Magazine Street
New Orleans, Louisiana 70130
Telephone: (504) 581-1750
Facsimile: (504) 529-2931
hlambert@thelambertfirm.com
cpeterson@thelambertfirm.com

Randal L. Gaines, Esq. (La. Bar No. 17576)
7 Turnberry Drive
LaPlace, Louisiana 70068
Telephone: (225) 647-3383
Facsimile: (985) 652-3299
attyrandal@gmail.com

*Attorneys for Plaintiffs and Class Members*

Dated: January 24, 2020

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** …………………………………………………………………………… ii

**INTRODUCTION** ………………………………………………………………………………… 1

**FACTUAL BACKGROUND** ...................................................................................................3

**ARGUMENT**.............................................................................................................................5

**CONCLUSION** ........................................................................................................................8

## TABLE OF AUTHORITIES

**Cases**

**Page(s)**

*In re A.R.E. Mfg. Co., Inc.*,
    124 B.R. 912 (Bankr. M.D. Fla. 1991). ................................................................. 3, 5, 7, 8

*In re Hechinger Inv. Co. of Delaware, Inc.*,
    288 B.R. 398, 402 (Bankr. D. Del. 2003) .......................................................................... 5

*Matter of Commonwealth Oil Ref. Co., Inc.*,
    596 F.2d 1239, 1247 (5th Cir. 1979) .............................................................................. 2, 5

*Stone v. Morris*,
    546 F.2d 730, 737 (7th Cir. 1976) ..................................................................................... 7

**United States Code**

28 U.S.C. § 1412 ................................................................................................................... 3

29 U.S.C. §§ 2101 *et seq.* .................................................................................................. 1, 4

29 U.S.C. § 2104(5). .............................................................................................................. 2

29 U.S.C. § 2104(a) ............................................................................................................... 1

By this Motion, Troy Fleming, Jarrod Nabor, Davarian Ursin, Charles Ziegeler, and Ronnie Millet (collectively, "Plaintiffs"), on behalf of themselves and a putative class of similarly situated former employees of Debtors,[1] seek the entry of an order transferring venue of this WARN Act adversary proceeding to the United States Bankruptcy Court for the Eastern District of Louisiana (the "Louisiana Court").

## **INTRODUCTION**

This Adversary Proceeding seeks to vindicate the rights of Debtors' former employees who were terminated without notice on September 30, 2019. In particular, the Plaintiffs allege that Defendants violated the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 *et seq.* (the "WARN Act"), and as a result are liable to the Plaintiffs and other similarly situated former employees of Defendants for damages in the amount of sixty (60) days' back pay and benefits, pursuant to 29 U.S.C. § 2104(a).

The great majority of Plaintiffs and similarly situated class members are located within the Eastern District of Louisiana. As of September 2019, the Debtors employed a total of 462 people. On or about September 30, 2019, the Debtors terminated over 300 of those employees, or nearly two-thirds of their workforce, at their principal place of business in LaPlace, Louisiana, within the Eastern District of Louisiana. Although Debtors have much smaller operations in other states— including Tennessee, Oklahoma, Western Pennsylvania, and Illinois—and may have subsequently terminated employees without notice in those locations, the number of terminated employees in Louisiana is significantly larger than the total number of employees in all other states combined.

---

[1] The Debtors in these cases are Bayou Steel BD Holdings, L.L.C. (Bankr. Case No. 19-12153-KBO); BD Bayou Steel Investment, LLC (Bankr. Case No. 19-12154-KBO); and BD LaPlace, LLC (Bankr. Case No. 19-12155-KBO). The last four digits of the taxpayer identification numbers for each of the Debtors follow in parenthesis: (i) Bayou Steel BD Holdings, L.L.C. (1984); (ii) BD Bayou Steel Investment, LLC (1222); and (iii) BD LaPlace, LLC (5783). The mailing address for the Debtors is 138 Highway 3217, LaPlace, Louisiana 70068.

1

The Plaintiffs previously moved to transfer the related Bankruptcy to the Louisiana Court. This Court denied that motion, relying heavily on the *CORCO* factors,[2] most notably (1) the proximity of creditors, the debtors, and their assets, (2) the additional costs and time of a transfer, and (3) the fact that the secured creditors opposed the transfer. *See* Transcript of Oral Argument, Docket No. 200, at 100-02 (Nov. 6, 2019). The Court did note, however, that it was "certainly sympathetic to the position of the employees as a result of the turn of events that led to the unfortunate layoff," and recognized the difficulties those Louisiana-based employees would have to "meaningfully participate" in proceedings in Delaware. *Id.* Notably, the Court specifically withheld judgment on a motion to transfer venue of this adversary proceeding.

Venue of a WARN Act claim is appropriate in a district "in which the violation is alleged to have occurred, or in which the employer transacts business." *See* 29 U.S.C. § 2104(5). Delaware is not such a district. By comparison, the vast majority of the violations happened in the Eastern District of Louisiana, which was also the Debtors' principal place of business. Accordingly, venue would be appropriate under the WARN Act's venue provisions in the Louisiana Court.

Moreover, several of the critical factors considered by the courts in deciding whether to transfer adversary proceedings favor transfer, including: the location of the plaintiff and defendant; the ease of access to necessary proof; the availability of subpoena power for the unwilling witness; the expense related to obtaining willing witnesses; and the ability to receive a fair trial. Here, most of the witnesses to the employment action at issue—the layoff of 300 employees in LaPlace, Louisiana on or about September 30, 2019—are located within the Eastern District of Louisiana and outside the subpoena power of this Court. Courts have relied on these factors to transfer venue

---

[2] *See Matter of Commonwealth Oil Ref. Co., Inc.*, 596 F.2d 1239, 1247 (5th Cir. 1979).

of an adversary proceeding. *See, e.g., In re A.R.E. Mfg. Co., Inc.*, 124 B.R. 912 (Bankr. M.D. Fla. 1991).

This Court has authority under 28 U.S.C. § 1412 to transfer a "proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." This Court, due to the automatic statutory reference from the district court, is authorized to make such a transfer. *See In re A.R.E. Mfg. Co., Inc.*, 124 B.R. at 913-14 (citing cases). For the reasons discussed herein, the instant adversary proceeding should be transferred to the Louisiana Court.

### FACTUAL BACKGROUND

The Debtors are headquartered in LaPlace, Louisiana, within the Eastern District of Louisiana. Prior to the recent sale of the Debtors' facility, the Debtors' executive offices were located in LaPlace, Louisiana, a suburb of New Orleans. Also in LaPlace, Debtors owned and operated a mini-mill capable of steelmaking and continuous billet casting and a medium section rolling mill. At an office in Harvey, Louisiana, also within the Eastern District of Louisiana, Debtors conducted recycling operations. Debtors also operated a facility in Harriman, Tennessee that includes a melt shop and rolling mill. Debtors leased distribution facilities in Tulsa, Oklahoma and Pittsburgh, Pennsylvania and owned a distribution depot in Chicago, Illinois. Debtors' management and key corporate records were all located in LaPlace, Louisiana. *See* Declaration of Alton Davis, President and Chief Operating Officer of Debtors, in Support of Debtors' Chapter 11 Petitions and First Day Motions ("Alton Declaration"), Docket No. 14 at ¶¶ 11-12.

Although Debtors are incorporated in Delaware, they have no other connection to the State. They had no assets or employees in Delaware. Rather, most of Debtors' assets, employees, and records were located in LaPlace, Louisiana. Mr. Davis correctly describes the LaPlace facility as Debtor's headquarters. *See* Alton Declaration at ¶ 1. Further, the List of Equity Security Holders

3

filed by Debtors lists Louisiana as the office address and principal place of business of Debtors' Equity Security Holder.  *See* List of Equity Security Holders, Docket No. 1 at 18.

Prior to the mass layoff and bankruptcy, Debtors had approximately 462 employees.  Over two-thirds of these employees were employed at the Debtor's principal facility in LaPlace, Louisiana.

On Monday morning, September 30, 2019, without notice, those employees currently on shift at the LaPlace facility were brought together by their department heads and supervisors, and informed that they were all being terminated effective immediately.[3]  In addition, employees were told that they should text or otherwise contact those employees not currently on shift and inform them that they were terminated as well.  The following day, October 1, 2019, Debtors filed for relief under Chapter 11 in this Court. Senior management of the Debtors did not provide any notice of the mass layoff, and employees were never provided written notice of their terminations.

As a result of these actions, none of the terminated employees at the LaPlace facility received the 60 days' notice required under the WARN Act.  Accordingly, they filed this action.

The employees are hourly workers, many of whom have now been unemployed for more than three months.  The vast majority of the terminated employees are located in Louisiana.[4] Indeed, other than a very few employees who were located in Pittsburgh, none of the terminated employees

---

[3] *See* Exhibit A, Declaration of Davarian Ursin in Support of Plaintiffs' Motion to Transfer Venue, ("Davarian Ursin Decl.") at ¶¶ 3-4.

[4] Plaintiffs understand that additional employees have been laid off since September 30, 2019, including at sites other than LaPlace, Louisiana.  However, Plaintiffs are unaware at this time whether any of those employees would have WARN Act claims, which require an employee work at a "single site of employment" at which there is an employment loss of "at least 50 or more employees" within a "30-day period."  *See* 28 U.S.C. § 2101 (a)(2) & (3). Accordingly, at this time, Plaintiffs are not aware whether there would be any class members outside of the Eastern District of Louisiana.

resides within 500 miles of this Court. The terminated employees will undergo significant financial hardship if they are forced to attend trial or pre-trial proceedings if the case remains in Delaware.[5]

## ARGUMENT

In deciding a motion to transfer an adversary proceeding, courts in this district and elsewhere consider the following factors: (1) the location of the plaintiff and defendant; (2) the ease of access to necessary proof; (3) the availability of subpoena power for the unwilling witness; (4) the expense related to obtaining willing witnesses; (5) the enforceability of any judgment rendered; (6) the ability to receive a fair trial; (7) the state's interest in having local controversies decided within its borders, by those familiar with its law; and, (8) the economics of the estate administration. *In re A.R.E. Mfg. Co., Inc.*, 124 B.R. 912, 914 (Bankr. M.D. Fla. 1991). *See also In re Hechinger Inv. Co. of Delaware, Inc.*, 288 B.R. 398, 402 (Bankr. D. Del. 2003) (same).

The factors that courts consider for determining whether to transfer an adversary proceeding are largely distinct from the factors courts use to determine whether to transfer an entire bankruptcy case. *See, e.g., Matter of Commonwealth Oil Ref. Co., Inc.*, 596 F.2d 1239, 1247 (5th Cir. 1979) (listing factors courts should consider including: "(1) The proximity of creditors of every kind to the Court; (2) The proximity of the bankrupt (debtor) to the Court; (3) The proximity of the witnesses necessary to the administration of the estate; (4) The location of the assets; (5) The economic administration of the estate; (6) The necessity for ancillary administration if bankruptcy should result.."). The *CORCO* factors largely concern the location of people and things necessary for the administration of the estate, not the people and things necessary for trial of particular claims. Accordingly, in deciding this motion, this Court should not be guided by its prior decision on transfer of this entire Chapter 11 case.

---

[5] Ex. A, Davarian Ursin Decl. at ¶ 7.

When the factors relevant to transfer of an adversary proceeding are considered, all eight either militate in favor of transfer, or are neutral.

*The Location of the plaintiff and defendant*: All of the named plaintiffs, and as of now, all known class members reside in the Eastern District of Louisiana.  The Debtors, as named defendants, have a principal place of business in Louisiana.  The other named Defendant, Black Diamond Capital Management, LLC, has a principal place of business in Connecticut.  This factor counsels in favor of transfer to the location where all of the plaintiffs and most of the defendants are based as opposed to this district, where none of the relevant parties are located.

*The ease of access to necessary proof*.  Any documents or other evidentiary proof related to the employees' termination will be located at the Debtors' place of business, in the Eastern District of Louisiana.  Equally importantly, all of the named plaintiffs, known class members, *and* all of the supervisors who informed them of their terminations are also located in Louisiana.[6]  These witnesses will be crucial at any trial of this matter.

*Subpoena power over unwilling witnesses*. Many of the supervisors at the LaPlace location remained employed by Bayou Steel for months after the termination.[7]  It is unclear if these supervisors will be willing to testify voluntarily, but all of them live in the Eastern District of Louisiana, and are subject to the subpoena power of the Louisiana Court.[8]  No relevant witness is subject to subpoena power in the District of Delaware.

*The expense related to obtaining willing witnesses*.  Similarly, it will be extremely expensive for all witnesses, including both the affected employees and the supervisors who participated in the

---

[6] *See* Ex. A, Davarian Ursin Decl. at ¶ 6.

[7] *Id.* at ¶ 5.

[8] *Id.* at ¶ 6.

6

terminations to testify in the this Court.[9]  It will be considerably cheaper for all of these individuals to testify in the Louisiana Court, which is located in downtown New Orleans, a mere thirty miles from the Debtors' principal place of business in LaPlace.

*The ability to receive a fair trial.*  Plaintiffs have no doubt that this Court would be equally as fair to the parties as the Louisiana Court.  But part of receiving a fair trial is being afforded the opportunity to appear at, participate in, and testify at that trial.  *Cf., Stone v. Morris*, 546 F.2d 730, 737 (7th Cir. 1976) (granting a new trial in a civil rights action where a plaintiff prisoner was not allowed to appear under the circumstances). The employees will find it considerably easier to attend trial in Louisiana, which gives them a greater "ability" to receive a fair trial.[10]

The remaining factors do not counsel for or against a transfer: Any judgment rendered by the Louisiana Court will be equally enforceable; the law at issue is Federal, and neither court is uniquely able to interpret it; and the determination of the amount of the employees' claim should not affect the economics of the estate's administration.  To the extent it is necessary to determine the priority of the employees' claims, that can be handled in the existing bankruptcy through motion.

In *In re A.R.E. Mfg. Co., Inc.*, 124 B.R. 912, 914 (Bankr. M.D. Fla. 1991), the bankruptcy court transferred venue of an adversary proceeding from Florida to California based on a finding that "the relative difficulty of access to necessary proof, the expense related to obtaining willing witnesses, and the unavailability of subpoena power all lead this Court to conclude that venue should be transferred."  In particular, the Court noted that "[a]ll pertinent witnesses, property, documents, and pleadings from prior relevant litigation are currently in California," and "the

---

[9] *Id.* at ¶¶ 6-7.

[10] *Id.* at ¶ 7.

defendant is a California corporation which maintains no office, personnel, or representative in Florida." *Id.*

The factors considered by the court in *A.R.E.* are the same factors that militate in favor of transfer here.  In this case, all pertinent witnesses and documents are in Louisiana, and Bayou Steel maintains no office, personnel, or representative in Delaware.  This Court should likewise transfer this adversary proceeding to the Louisiana Court.

## CONCLUSION

This adversary proceeding should be transferred to the Louisiana Court for the convenience of the parties and in the interest of justice.  The pertinent witnesses and documents are in Louisiana and within the subpoena power of the Louisiana Court; none of the witnesses are within the subpoena power of this Court.  All of the named Plaintiffs and all of the known class members are located in Louisiana; no parties are located here and it will be very difficult for Plaintiffs to participate and receive a fair trial if the adversary proceeding is litigated thousands of miles away from the Plaintiffs' workplace where the wrongful activity occurred.  Indeed, not a single factor weighs in favor of maintaining venue of this adversary proceeding in Delaware.  For the foregoing reasons, Plaintiffs respectfully request that this Court enter an order transferring venue of this adversary proceeding to the United States Bankruptcy Court for the Eastern District of Louisiana.

Dated: January 24, 2020

Respectfully submitted,

By:    */s/ Kevin Mangan*

Kevin J. Mangan (DE Bar No. 3810)
Nicholas T. Verna (DE Bar No. 6082)
S. Alexander Faris (DE Bar No. 6278)
WOMBLE BOND DICKINSON (US) LLP
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (312) 252-4320
Facsimile: (312) 252-4330
kevin.mangan@wbd-us.com
nick.verna@wbd-us.com
alexander.faris@wbd-us.com

Brent B. Barriere (La. Bar. No. 2848)
Jason W. Burge (La. Bar No. 30420)
Kathryn J. Johnson (La. Bar No. 36513)
FISHMAN HAYGOOD, L.L.P.
201 St. Charles Avenue, Suite 4600
New Orleans, Louisiana 70170
Telephone: (504) 586-5252
Facsimile: (504) 586-2520
bbarriere@fishmanhaygood.com
jburge@fishmanhaygood.com
kjohnson@fishmanhaygood.com

Joseph C. Peiffer (La. Bar No. 26459)
Brandon M. Wise (Mo. Bar No. 67242)
PEIFFER WOLF CARR & KANE, APLC
818 Lafayette Ave., Floor 2
St. Louis, Missouri 63104
Telephone: (314) 833-4825
Facsimile: (314) 833-4826
jpeiffer@pwcklegal.com
bwise@pwcklegal.com

Eric J. O'Bell (La. Bar No. 26693)
Bradley T. Oster (La. Bar No. 35540)
O'BELL LAW FIRM, LLC
3500 North Hullen Street
Metairie, Louisiana 70002
Telephone: (504) 456-8677
Facsimile: (504) 456-8653
ejo@obelllawfirm.com
brad@obelllawfirm.com

9

Hugh P. Lambert, T.A. (La. Bar No. 7933)
Cayce C. Peterson, Esq. (La. Bar No. 32217)
THE LAMBERT FIRM, PLC
701 Magazine Street
New Orleans, Louisiana 70130
Telephone: (504) 581-1750
Facsimile: (504) 529-2931
hlambert@thelambertfirm.com
cpeterson@thelambertfirm.com

Randal L. Gaines, Esq. (La. Bar No. 17576)
7 Turnberry Drive
LaPlace, Louisiana 70068
Telephone: (225) 647-3383
Facsimile: (985) 652-3299
attyrandal@gmail.com

*Attorneys for Plaintiffs and Class Members*