# **EXHIBIT 1 TO ORDER**

**Stipulation**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BAYOU STEEL BD HOLDINGS, L.L.C., *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 19-12153 (KBO)<br><br>(Jointly Administered) |
| TROY FLEMING, JARROD NABOR, and DAVARIAN URSIN, and CHARLES ZIEGELER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BAYOU STEEL BD HOLDINGS, L.L.C., dba BAYOU STEEL GROUP, BD BAYOU STEEL INVESTMENT, LLC, BD LAPLACE, LLC, BAYOU STEEL BD HOLDINGS II, L.L.C., and BLACK DIAMOND CAPITAL MANAGEMENT, LLC,<br><br>Defendants. | Adv. Proc. No. 19-50392 (KBO)<br>Adv. Proc. No. 19-50748 (KBO)<br>(Consolidated Adversary Proceedings) |

## STIPULATION DISMISSING DEBTOR DEFENDANTS
## FROM ADVERSARY PROCEEDINGS

Counsel for George L. Miller, the chapter 7 trustee (the "Trustee") appointed in the cases of the above-captioned debtors (the "Debtors") and counsel to Troy Fleming, Jarrod Nabor, and Davarian Ursin, on behalf of themselves and all others similarly situated (the "Fleming Plaintiffs") and Charles Ziegeler and Ronnie Millet, on behalf of themselves and all others similarly situated (the "Ziegeler Plaintiffs," and together with the Fleming Plaintiffs, the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Bayou Steel BD Holdings, L.L.C., a Delaware limited liability company (1984), BD Bayou Steel Investment, LLC, a Delaware limited liability company (1222), and BD LaPlace, LLC, a Delaware limited liability company (5783). The location of the Debtors' mailing address is 138 Highway 3217, LaPlace, Louisiana 70068.

1

"Plaintiffs", and together with the Trustee, the "Parties"), hereby agree and stipulate based on the following:

WHEREAS, on October 3, 2019, the Fleming Plaintiffs filed a complaint initiating Adv. Pro. No 19-50392, and on October 30, 2019, the Ziegeler Plaintiffs filed a complaint initiating Adv. Pro. No. 19-50748 (together, the "Adversary Proceedings");

WHEREAS, on January 2, 2020, the Court entered an order consolidating the Adversary Proceedings under the lead adversary case number 19-50392;

WHEREAS, on January 10, 2020 the Plaintiffs filed the *Amended Class Action Adversary Proceeding Complaint for Violation of WARN Act and Declaratory Judgment* (the "Complaint") [Docket No. 27];

WHEREAS, on January 24, 2020, the Plaintiffs filed *the Plaintiffs' Motion to Transfer Venue of Adversary Proceeding to the United States Bankruptcy Court for the Eastern District of Louisiana* (the "Venue Transfer Motion") [Docket No. 28];

WHEREAS, on February 7, 2020, Defendant Bayou Steel BD Holdings II, L.L.C. and Black Diamond Capital Management, L.L.C. (the "Black Diamond Defendants") and Defendants BD Bayou Steel Investment, L.L.C., BD LaPlace, LLC, Bayou Steel BD Holdings, L.L.C. (the "Debtor Defendants") filed oppositions to the Venue Transfer Motion [Docket Nos. 31, 32];

WHEREAS, on February 25, 2020, the chapter 11 cases of the above-captioned debtors converted to cases under chapter 7 and, subsequently, George L. Miller was appointed as the Trustee and successor in interest to the Debtor Defendants;

WHEREAS, pursuant to the order entered by the Court on April 16, 2020 [Docket No. 53], the Trustee's current deadline to answer or otherwise respond to the Complaint is May 4, 2020.

2

NOW THEREFORE, in consideration of the premises and mutual covenants contained herein and other valuable consideration, the receipt of which is hereby acknowledged, it is stipulated and agreed by and between the Parties, as follows:

1. The Parties agree that upon entry of an order approving this Stipulation, the Debtor Defendants shall be dismissed without prejudice from the Adversary Proceedings but such dismissal without prejudice shall be subject to terms of this Stipulation, including that adjudication of any of the claims asserted by the Plaintiffs against the Debtors' estates or the Trustee with respect to the WARN Act, the Adversary Proceedings, or the Complaint, shall only be conducted through the claims objection process with the Delaware Bankruptcy Court.

2. The Trustee will not take any position on the pending Venue Transfer Motion.

3. No judgment entered in the Adversary Proceedings, whether or not transferred to another jurisdiction other than the District of Delaware, shall be binding upon the Trustee or the Debtors' estates.

4. For the avoidance of doubt, the Parties agree that res judicata and collateral estoppel with respect to matters raised in the Complaint, including, but not limited to, the amount, nature, priority, and scope of liability of Plaintiffs' claims against the Debtors' estates, shall not apply to the Trustee or the Debtors' estates, regardless of any judgment or any other ruling or order that is entered in the Adversary Proceedings.

5. Any judgment that may be entered against the Black Diamond Defendants or settlement proceeds paid by or on behalf of the Black Diamond Defendants and received by the Plaintiffs shall be credited by the Plaintiffs against and shall reduce the amount of Plaintiffs' asserted or allowed claims against the Debtors' estates.

6. The Parties each reserve all of their respective rights, claims, and defenses with respect to any proofs of claim asserted or filed by any of the Plaintiffs in the Adversary

3

Proceedings, whether such claim or claims are filed individually by any of the Plaintiffs or such claim or claims are filed as a class proof of claim.  Any adjudication of any of the claims asserted by the Plaintiffs against the Debtors' estates or the Trustee with respect to the WARN Act, the Adversary Proceedings, or the Complaint, shall only be conducted through the claims objection process with the Delaware Bankruptcy Court, which shall retain exclusive jurisdiction to adjudicate any claim or claims filed by the Plaintiffs.

7. Nothing in this Stipulation shall be deemed to be a stipulation, agreement, or waiver by the Trustee, on behalf of the Debtors' estates, with respect to any rights, claims, defenses, or causes of actions against any other party that is not a signatory to this Stipulation.  No provision of this Stipulation is intended to, or shall, confer any third party beneficiary or other rights or remedies upon any person other than the Parties hereto.

8. This Stipulation is subject to Court approval, which the Trustee shall seek by order submitted under certification of counsel, or, if requested, by motion.  Failure to obtain Court approval shall return the Parties to their positions status quo ante.

9. This Stipulation shall be binding on and shall inure to the benefit of the Parties, and any successors in interest, assignees, trustees, examiners, agents, and representatives.

10. Subject to Court approval, each party and/or counsel signing below warrants that he or she has full authority to do so on behalf of the party he or she purports to bind.

11. This Stipulation may be executed by electronic signature in two or more counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one instrument.  No term of this Stipulation may be waived, modified or amended except in writing signed by the party against whom enforcement of the waiver, modification or amendment is sought.

4

12. The Court shall retain exclusive jurisdiction to hear any matters or disputes arising from or relating to this Stipulation.  Any request for relief brought before the Court to resolve a dispute arising from or related to this Stipulation, and the matters agreed to herein, shall be brought on proper notice and in accordance with the relevant Federal Rules of Bankruptcy Procedure and the Local Rules for the Bankruptcy Court.

Dated: May 13, 2020

| WOMBLE BOND DICKINSON (US) LLP | PACHULSKI STANG ZIEHL & JONES LLP |
|---|---|
| */s/ Kevin J. Mangan* | */s/ Peter J. Keane* |
| Kevin J. Mangan (DE Bar No. 3810)<br>Nicholas T. Verna (DE Bar No. 6082)<br>S. Alexander Faris (DE Bar No. 6278)<br>1313 North Market Street, Suite 1200<br>Wilmington, Delaware 19801<br>Telephone: (312) 252-4320<br>Facsimile: (312) 252-4330<br>kevin.mangan@wbd-us.com<br>nick.verna@wbd-us.com<br>alexander.faris@wbd-us.com | Bradford J. Sandler (DE Bar No. 4142)<br>Colin R. Robinson (DE Bar No. 5524)<br>Peter J. Keane (DE Bar No. 5503)<br>919 North Market Street, 17th Floor<br>Wilmington, DE 19801<br>Telephone: 302-652-4100<br>Facsimile:  302-652-4400<br>E-mail:  bsandler@pszjlaw.com<br>            crobinson@pszjlaw.com<br>            pkeane@pszjlaw.com |
| Brent B. Barriere (La. Bar. No. 2848)<br>Jason W. Burge (La. Bar No. 30420)<br>Kathryn J. Johnson (La. Bar No. 36513)<br>FISHMAN HAYGOOD, L.L.P.<br>201 St. Charles Avenue, Suite 4600<br>New Orleans, Louisiana 70170<br>Telephone: (504) 586-5252<br>Facsimile: (504) 586-2520<br>bbarriere@fishmanhaygood.com<br>jburge@fishmanhaygood.com<br>kjohnson@fishmanhaygood.com | *Counsel for George L. Miller,*<br>*Chapter 7 Trustee* |
| Joseph C. Peiffer (La. Bar No. 26459)<br>Brandon M. Wise (Mo. Bar No. 67242)<br>PEIFFER WOLF CARR & KANE, APLC<br>818 Lafayette Ave., Floor 2<br>St. Louis, Missouri 63104<br>Telephone: (314) 833-4825<br>Facsimile: (314) 833-4826<br>jpeiffer@pwcklegal.com | |

5

bwise@pwcklegal.com

Eric J. O'Bell (La. Bar No. 26693)
Bradley T. Oster (La. Bar No. 35540)
O'BELL LAW FIRM, LLC
3500 North Hullen Street
Metairie, Louisiana 70002
Telephone: (504) 456-8677
Facsimile: (504) 456-8653
ejo@obelllawfirm.com
brad@obelllawfirm.com

Hugh P. Lambert, T.A. (La. Bar No. 7933)
Cayce C. Peterson, Esq. (La. Bar No. 32217)
THE LAMBERT FIRM, PLC
701 Magazine Street
New Orleans, Louisiana 70130
Telephone: (504) 581-1750
Facsimile: (504) 529-2931
hlambert@thelambertfirm.com
cpeterson@thelambertfirm.com

Randal L. Gaines, Esq. (La. Bar No. 17576)
7 Turnberry Drive
LaPlace, Louisiana 70068
Telephone: (225) 647-3383
Facsimile: (985) 652-3299
attyrandal@gmail.com

*Attorneys for Plaintiffs and Class Members*